The Honorable Marion A. Humphrey Circuit Judge Sixth Judicial District, First Division Pulaski County Courthouse, Room 407 401 W. Markham Little Rock, AR 72201
Dear Judge Humphrey:
This is in response to your request for an opinion regarding the responsibility for individuals after they are ordered imprisoned by a circuit court. You state that from time to time you order a defendant to be imprisoned either in the Pulaski County Jail or the Department of Correction. After you order the sentence, the prisoner is delivered by your bailiff to the Pulaski County Sheriff's lock-up area in the Pulaski County Courthouse for the sheriff to transport to the county jail. You state that if the county sheriff or his deputy decides there is not enough space to house the prisoner in the Pulaski County jail, the sheriff or his deputy has been refusing to accept the prisoner from the court's bailiff. In light of the above, you have asked who is responsible for such a prisoner once the court's bailiff takes him to the custodian of the sheriff's lock-up area.
For the following reasons, it is my opinion that the county sheriff is required to accept a prisoner committed to the county jail by a circuit court.
With regard to this issue, A.C.A. § 12-41-502 (1987) states that the sheriff of each county shall have the custody, rule and charge of the jail within his county and all prisoners committed in his county, and that he has the authority to appoint a jailer. Section 12-41-503 (1987) states that:
 It shall be the duty of the jailer to receive from constables and other officers all persons who may be apprehended by such constables, or other officers for offenses against this state, or who shall be committed by any competent authority. [Emphasis added.]
It has been stated that "[i]t is the duty of a sheriff to keep in custody a prisoner lawfully committed to him." Henderson,Sheriff v. Dudley, Chancellor, 264 Ark. 697, 708, 574 S.W.2d 658
(1978), citing Houpt v. State, 100 Ark. 409, 140 S.W.2d 294
(1913). It has also been held that a sheriff is an officer of the court for the purpose of carrying into execution sentences imposed by the court. Id. at 264 Ark. 710. "As an officer of the court, it is his duty to obey its orders and his failure to do so is punishable as contempt of the court." Id. at264 Ark. 711. "The disobedience or disregard of an order of commitment or confinement by a court of competent jurisdiction is a contempt of that court." Id.
It is thus clear that the sheriff has no discretion in accepting or refusing prisoners. However, if the jail is at its maximum capacity, the sheriff may commit a prisoner in his custody to the nearest jail in some other county in the same district. Arkansas Code Annotated § 12-41-509 (1987) provides in pertinent part that:
 (a)(1) The sheriff in any county in this state, where there is no jail in his county or the jail of such county is insufficient, may commit any person in his custody, either on criminal or civil process, to the nearest jail in some other county in the same judicial district.
 (2) It shall be the duty of the sheriff or keeper of the jail of such county to receive such person so committed and keep him safely, subject to the order of the circuit court of the county in which the prisoner was committed.
See also A.C.A. §§ 12-27-113 and -114 (Cum. Supp. 1991) with regard to reimbursement by the Department of Correction to county jails which are required to hold over prisoners for the Department when it has insufficient bed space.
In sum, while the statutes do provide for avenues of relief or reimbursement where county jails become overcrowded or where they must hold over prisoners, the county sheriff is still, in my opinion, responsible for prisoners committed to his custody.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Sherry L. Daves.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh